UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama state chartered
bank, as successor in interest to AmSouth Bank,

    Plaintiff,

v.                                                  CASE NO: 8:13-cv-2627-T-26TBM

BING CHARLES W. KEARNEY, JR., and
TONYA NUHFER KEARNEY,

    Defendants.
    _____/

**O R D E R**

Before the Court is Defendant's Motion to Reconsider Order Denying Motion for Leave to File Amended Answer to Add One Affirmative Defense and to Correct One Scrivener's Error (Dkt. 36), and Plaintiff's Response. (Dkt. 37). After careful consideration of the submissions of the parties and the file, the Court concludes the motion should be denied.

This Court previously denied Defendant's motion requesting leave to amend its answer to add the affirmative defense of the statute of limitations and to "correct one scrivener's error."[1] As this Court noted in its order of denial, the motion was filed more than three and one-half months after the deadline for amending pleadings as mandated by

---

[1] See docket 35 (Order denying motion).

the scheduling order.² Filing a motion beyond a deadline set in a scheduling order for the purpose of extending the deadline in the order triggers the application of Rule 16 and its requirement of showing good cause. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). The good cause determination focuses on the diligence of the party seeking the extension. See Sosa, 133 F.3d at 1418-1419.

In an effort to convince this Court that Defendants acted with diligence in waiting to file their motion to amend, Defendants attempt to justify their timing in filing the motion and attach an affidavit of Bing Kearney. Defendants claim that they have been investigating this matter since its inception, but their failed memories on when documents were signed and transfers were made prevented them from seeking an amendment before Plaintiff engaged in discovery, which occurred after the deadline for amending pleadings. Defendants argue that only after Plaintiff initiated discovery, which forced them to contact third parties about the transfers, did Defendants remember that the transfers of assets occurred before October 2009, the date of the postnuptial agreement. The earlier dates of transfers give rise to their assertion of a statute of limitations defense, which Defendants claim will be dispositive of the case.³

---

² The scheduling order was entered February 19, 2014, and fixed the date of April 11, 2014, for amending pleadings. See docket 18. Defendants filed the motion to amend the answer and affirmative defenses on July 28, 2014. See docket 34.

³ Presumably the request to amend their response in their answer given to paragraph 11 of the amended complaint is also linked to this defense. Regardless of any connection, the Court agrees with Plaintiff that the change is substantive and not a scrivener's error.

That Plaintiff did not initiate discovery until after the deadline at issue passed is irrelevant to whether Defendants acted diligently in this case.  Defendants admit that they were able to freely gather information from third parties confirming the dates of the transfers, but simply did not realize or remember that the transfers occurred before the date of the postnuptial agreement.  Defendants' failure to act on information that could have been gleaned from accessible documents before the deadline prohibits a finding of diligence.  See Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd., 521 F. App'x 798, 800 (11th Cir. 2013) (unpublished) (holding that a factor to consider in determining diligence is availability before deadline of information providing the basis for the proposed amendment to party requesting extension); Kendall v. Thaxton Road LLC, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (same).  Accordingly, the Court stands by its decision to deny leave to amend.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Reconsider Order Denying Motion for Leave to File Amended Answer to Add One Affirmative Defense and to Correct One Scrivener's Error (Dkt. 36) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on August 26, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record