## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REGIONS BANK, an Alabama state-chartered
bank, as successor-in-interest to AmSouth Bank,

    Plaintiff,

v.                                                                                      CASE NO: 8:13-cv-2627-T-26TBM

BING CHARLES W. KEARNEY, JR. and
TONYA NUHFER KEARNEY,

    Defendants.
_____/

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the parties' submissions, together with the procedural history of this case, it is ordered and adjudged that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Suggestion of Mootness and Request for Additional Pretrial Conference (Dkt. 158),[1] predicated on the re-titling of the assets at issue in this litigation from both Defendants to the Defendant Bing Kearney, is denied. The Court can only conclude from the Plaintiff's response[2] that there exist disputed issues of material fact with regard to whether the Plaintiff's claims against the Defendants are now moot by virtue

---

[1] According the Defendants' motion, they are mounting a factual attack on this Court's subject matter jurisdiction based on the doctrine of mootness.

[2] See docket 162.

of the retransfer of the assets to Defendant Bing Kearney.[3] See Lawrence v. Dunbar, 919 F.2d 1525, 1531 (11th Cir. 1990) (holding, based on Eleventh Circuit precedent, that "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact.").

**DONE AND ORDERED** at Tampa, Florida, on March 16, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[3] One such dispute relates to the conflicting affidavits of the parties' respective expert certified public accountants attached to the motion and response as to the value of the original transferred assets and the value of the recently retransferred assets. Additionally, as pointed out by the Plaintiff, there remain issues relating to the potential assessment of damages against the Defendant Tonya Kearney for her role as the transferee in the original transfer of assets, the awarding of injunctive relief, and the potential assessment of attorneys' fees and costs.