# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGIONS BANK, a state-chartered Alabama
bank, as successor-in-interest to AmSouth Bank,

    Plaintiff,

v.                                                               CASE NO: 8:13-cv-2627-T-26TBM

BING CHARLES W. KEARNEY, JR., and
TONYA NUHFER KEARNEY,

    Defendants.
_____/

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, together with the Plaintiff's submissions, it is ordered and adjudged that the Plaintiff's Emergency Motion for Temporary Restraining Order (Dkt. 165), in which the Plaintiff seeks an immediate pretrial order from this Court enjoining the Defendants from engaging in a host of activities relating to the transferred assets at issue in this case, principally an injunction restraining the Defendants and all others acting on their behalf from transferring those assets, is denied as dilatory.[1] The Plaintiff has had the opportunity since the inception of this litigation on October 10, 2013, some seventeen months ago,[2] and at least until after the close of discovery on October 31, 2014, almost five months

---

[1] The Plaintiff's counsel is cautioned pursuant to Local Rule 3.01(e) that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."

[2] See docket 1 (Complaint filed October 10, 2013).

ago,[3] in which to seek such temporary relief. The fact that according to one of the Defendants' recent filings,[4] the Defendant Tonya Kearney allegedly retransferred to the Defendant Bing Kearney her interests in the original transferred assets does not signal to this Court that the Defendants are about to engage in the type of fraudulent activity feared by the Plaintiff prior to the trial of this case scheduled to commence in one week on March 23, 2015.

Furthermore, the Court views this motion as nothing more than a disguised motion for summary judgment designed to have the Court resolve the disputed issues of material fact solely on the basis of the record in this case and without the benefit of an evidentiary hearing as suggested by the Plaintiff. However, as this Court made clear in its order denying the Defendants' Motion for Summary Judgment, "[t]he Court will be in a much better position to rule on the merits at the bench trial, and the case would benefit from proceeding to a full trial." See docket 106 (citing Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1285 (11th Cir. 2001)). The Plaintiff's latest motion filed on the eve of the bench trial does not alter this conclusion.

**DONE AND ORDERED** at Tampa, Florida, on March 16, 2015.

            s/*Richard A. Lazzara*
            **RICHARD A. LAZZARA**
            **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3] See docket 18 (Case Management and Scheduling Order fixing October 31, 2014 as the close of discovery).

[4] See docket 158 (Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Suggestion of Mootness and Request for Additional Pretrial Conference).