UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REGIONS BANK, a state-chartered Alabama
bank, as successor-in-interest to AmSouth Bank,

     Plaintiff,

v.                                      CASE NO: 8:13-cv-2627-T-26TBM

BING CHARLES W. KEARNEY, JR., and
TONYA NUHFER KEARNEY,

     Defendants.

_____/


**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of Regions Bank's Motion

in Limine and Motion to Strike "Good Faith Defense" as Stated by Mrs. Kearney in Mrs.

Kearney's Brief (Dkt. 157), Defendants' Response and Opposition (Dkt. 168), and the

entire file, the Court concludes that the motion should be granted.

The sole issue is whether section 726.109(1) must be pled as an affirmative

defense in a fraudulent transfer action brought pursuant to the Florida Uniform

Fraudulent Transfer Act (FUFTA), or whether it must be proven by the plaintiff as part of

the *prima facie* case.  Section 726.109(1) provides that "[a] transfer or obligation is not

voidable under s. 726.105(1)(a) against a person who took in good faith and for a

reasonably equivalent value or against any subsequent transferee or obligee."   If the

transferee took the asset in good faith and for a reasonable equivalence of consideration, then the transfer is voidable.

Several cases in this district and others have described section 726.109(1)'s good faith defense as an affirmative defense.  See Wiand v. EFG Bank, No. 8:10-cv-241-T-17MAP, 2012 WL 750447, at *8 (M.D. Fla. Feb. 8, 2012), report and recommendation adopted in full by, 2012 WL 760305 (M.D. Fla. Mar. 7, 2012); Wiand v. Dewane, No. 8:10-cv-246-T-17MAP, 2011 WL 4460095, at *7 (M.D. Fla. July 11, 2011), report and recommendation adopted by, 2011 WL 4459811 (M.D. Fla. Sept. 26, 2011), (citing Perlman v. Five Corners Investors I, No. 09-81225-CIV, 2010 WL 962953, at *3 (S.D. Fla. Mar. 15, 2010) and other cases); Wiand v. Waxenberg, 611 F.Supp.2d 1299, 1319 (M.D. Fla. 2009).   In EFG Bank, the judge referred to section 726.109 as an affirmative defense that had no bearing on the sufficiency of the plaintiff-receiver's case.  2012 WL 750447, at *8.  In Dewane, the judge found that the plaintiff-receiver "was under no obligation to allege the defendants lacked good faith."  2011 WL 4460095, at *8.  The precise issue before the courts, however, was not whether good faith under section 726.109(1) constituted an affirmative defense, and therefore the courts did not address the underlying premise for dubbing good faith an affirmative defense under the statute.

Based on the applicable law, this Court joins in with its sister courts and finds that good faith is an affirmative defense which the defendant bears the burden of pleading and proving.  An easy answer is not found in Federal Rule of Civil Procedure 8(c), which lists

specific examples of affirmative defenses, none of which are good faith.  Turning to the

statute, the FUFTA was based on the Uniform Fraudulent Transfer Act (UFTA).  The

UFTA sheds light on the answer in Comment 1 of section 8(a) which provides: "The

person who invokes this defense carries the burden of establishing good faith and the

reasonable equivalence of the consideration exchanged."

In addressing Defendant Tonya Kearney's argument that she need not plead good

faith as an affirmative defense because it is an element of the plaintiff's *prima facie* case,

the Court must draw from the principles of In Rawson Food Serv., Inc., 846 F.2d 1343

(11th Cir. 1988).  Rawson involved a statute different from FUFTA, and determined that

the plaintiff-seller's possession in a reclamation claim should be alleged in the complaint

and proven by the plaintiff, rather than the lack of the seller's possession of the reclaimed

property being pleaded as an affirmative defense.  The Rawson court concluded that

possession is a part of the seller's *prima facie* case of reclamation.  In reaching its

determination, the court reasoned that "[a] defense which points out a defect in the

plaintiff's *prima facie* case is not an affirmative defense."  846 F.2d at 1349.  Defenses

that merely negate an element of the plaintiff's *prima facie* case are "excluded from the

definition of affirmative defense in Fed.R.Civ.P. 8(c)."  846 F.2d at 1349.

Applying the dictates of Rawson to the instant case, this Court finds that good faith

is not part of the plaintiff's *prima facie* case under section 726.105.  Good faith on the

part of the Defendant Tonya Kearney does not point out a mere defect in the plaintiff's

case.  The *prima facie* case does not require proof of the lack of good faith.  Good faith is,

rather, an affirmative defense, which the defendant must prove.  Although Defendant

argues that Plaintiff is not surprised by this defense, the Court does not agree.  The

motion for summary judgment does not raise the specific affirmative defense of good

faith, and therefore the Plaintiff was not placed on adequate notice of this defense until

Defendant's trial brief.

It is therefore **ORDERED AND ADJUDGED** that Regions Bank's Motion in

Limine and Motion to Strike "Good Faith Defense" as Stated by Mrs. Kearney in Mrs.

Kearney's Brief (Dkt. 157) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, on March 16, 2015.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record