# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGIONS BANK, an Alabama state chartered bank,
as successor-in-interest to AmSouth Bank,

    Plaintiff,

v.                                      CASE NO: 8:13-cv-2627-T-26TBM

BING CHARLES W. KEARNEY, JR., and
TONYA NUHFER KEARNEY,

    Defendants.
_____/

# **O R D E R**

Upon due and careful consideration of the procedural history of this case and the related case of <u>Regions Bank v. Hyman, et al.</u>, case number 8:09-cv-1841-T-17-MAP, together with the Plaintiff's written submissions, it is ordered and adjudged that the Plaintiff's Verified Motion for Issuance of Prejudgment Writ of Garnishment as to USAmeribank (Dkt. 198) is denied for the following two reasons.

First, the relief sought in the Plaintiff's latest onslaught of motion practice is nothing more than a reiteration of the arguments advanced in the Plaintiff's previous endeavor to have this Court issue an order on an emergency basis temporarily enjoining the Kearney Defendants from engaging in a whole host of activities related to the transferred assets at issue in this litigation,[1] arguments which the Court rejected in denying that motion[2] and continues to reject in denying this latest

---

[1]   See docket 165.

[2]   See docket 171.

motion.  Second, prior to the filing of the motion in this case on March 26, 2015, the Plaintiff previously commenced a garnishment proceeding in the related case with regard to the same accounts at USAmeribank which it seeks to garnish prejudgment in this case.  Given that fact, the Court will defer to the assigned judge in the related case, Judge Kovachevich, with respect to whether the accounts at issue are subject to garnishment.  Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (stating that "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.") (citing Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir. 1971)); In re Georgia Power Co., 89 F.2d 218, 221 (5th Cir. 1937) (holding that as between federal courts having concurrent jurisdiction, the court where jurisdiction first attaches holds it to the exclusion of the other).[3]  To act otherwise would pose the potential of conflicting rulings between this Court and Judge Kovachevich with regard to whether the funds in those accounts can in fact and law be garnished to satisfy the Plaintiff's judgment obtained in the related case.

**DONE AND ORDERED** at Tampa, Florida, on March 27, 2015.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent decisions of the Fifth Circuit Court of Appeals decided prior to October 1, 1981.